Case number 16-1144. United States Department of Homeland Security Immigration and Customs Enforcement Petitioner v. Federal Labor Relations Authority. Mr. Busa for the petitioner, Mr. Jacob for the respondent. Good morning and may it please the court. Joe Busa on behalf of the petitioner and with your permission I'd like to reserve five minutes for rebuttal. The Federal Labor Relations Authority failed to give effect to the Office of Personnel Management's reasonable interpretation of its own regulations. As a result, the Department of Homeland Security has been ordered to pay premium overtime pay for overtime hours that are never being worked. We respectfully request that this court grant the petition. I think the best place to start in analyzing this question is with the text of the regulations themselves. I actually have a better place to start if you don't mind. I wanted to ask about the new Administrative Leave Act, which both sides don't seem particularly interested in and about which I'm confused as to why either side is interested in. So as I understand the proposal of the Union, it was, as I'm reading from the FLRA decision, that this portion of the proposal requires the agency to grant administrative leave and code it as such for administrative purposes rather than, for the AUO's certified team members, rather than granting or coding the time as official time, right? Yes. That's the proposal, that it be administrative leave. And in the discussion of why that's done, which is in the record of the post-petition conference, it says, and it's kind of long, but I think it's all important, this method, according to the Union, is intended to operate by requiring the agency to grant administrative leave, code it for administrative purposes, the time spent. The Union explained that coding this time as administrative leave would prevent AUO certified LEOs participating in CBA negotiations from losing AUO pay. The Union explained that after 30 cumulative days or 10 consecutive days on official time, an AUO certified employee would lose AUO time. So it seems like it was not only the proposal, but central to the proposal that this be administrative leave time. Is that part fair? I think that is a fair characterization, Your Honor, yes. So if that's fair, and we now have a new statute which specifically says, during any calendar year, an agency may place an employee at administrative leave for a period of not more than 10 work days, and also says that any agency shall record administrative leave separately from leave authorized under any other provision, that would seem to put this proposal at risk for a completely different set of reasons, namely a statute that is inconsistent. Now, I don't know whether that's the right answer or not, but I don't understand how we can go forward, because none of this has happened yet, with something that might completely moot anything we do today. Your Honor, I don't think the issue would be moot, at least with respect to the first 10 days on administrative leave. You know, I got that, but I also read here that we're not talking, in the distinction between hours and weeks, that we're not talking about a few days here, we're talking about weeks of time. I think that's right, Your Honor. So, maybe they'll come back and say we'll be satisfied with 10 days, and that's all we're asking for, but that's not what they're asking for here. I'm not jumping to the merits, I don't actually know. I'm actually reading the statute, it says that OPM is supposed to come out with regulations. Have they done that yet? No, Your Honor, my understanding is that they have not. Well, they're slow, because they're supposed to do that not later than 270 calendar days. I think that's right, Your Honor. Okay. So, I don't know, maybe there'll be a different proposal, which will be completely consistent with the statute, and may be completely consistent with the OPM regulations, in which case, HHS won't have an argument, but, DHS, sorry, might not have an argument, but I don't understand why, at least your side is the need for a remand here to have the, to have FLIR reconsider this. I appreciate FLIR doesn't want to reconsider this, that's usually not high on our list of reasons not to allow reconsideration. Indeed, Your Honor, and I don't want to resist to have, if the court concludes that this new statutory enactment is a good reason to remand, I think that could be a permissible outcome, but I do think that the authority has made clear, they don't think that any, they think that sort of any period of official time, however characterized, could be excluded from a retrospective review period, and so I do think that that, pure question of law, is still presented in this case. Well, they haven't decided that in light of the statute that says that the agency shall record administrative leave separately from leave authorized under  That's true, Your Honor. the regulation of law allowing official time, which covers representation, I don't know what that means. No one's interpreted it yet, and I'd hate to be the first one to interpret it without a view from the agency on the subject, which you have not offered to us. That's true, Your Honor, but I do think that the authority itself has made clear what it thinks about the exclutability, the bargainability of exclusion of time of any amount, not specifically enumerated. Sorry, not specifically enumerated in the guidance, Your Honor. Again, I guess that we don't know what the authority would say about the effect of the new statute. They haven't argued here before you that it changes anything, and so I suspect we know what their answer would be, and I do think it's important to note that the authority is a little short-staffed. No, we don't know what their answer would be because, you know, I'm faced with this idea of what their answer would be if the court were to send it back and say, there's a new statute. How do you digest this now, and how does it affect your thinking? I don't know. That's true, Your Honor. We don't actually know what their answer would be. What we do know, and I think this goes to the point at least somewhat, is in a footnote in their red brief to this court, they note that then-chairman Pazella thought that maybe remand could be appropriate or something like that, or reconsideration of this issue, in light of OPMs having joined our briefs to this court, but the authority made clear that it did not, as an institution, ask for remand, for reconsideration, and they also noted that was notwithstanding the 2016 Act, which they don't think changes their conclusion. And so... Well, we don't... This is a sentence without any explanation, and it doesn't even say they voted against, it just says they haven't voted to seek. Right. I don't know what that means. Right. So, I mean, there's a lot of reading between lines, where the lines aren't even there. So, I do think if this court thought the 2016 Act changed the case such that a remand would be appropriate, I'm not here to tell you that that would be inappropriate, but I do think you have the judicial power to continue to hear this case because the authority... Yeah, we also have the judicial power to rule against you. Absolutely, Your Honor, I don't mean to deny that. I don't understand why you would resist a remand. I don't know whether you're in a better position or not. You're certainly not in a worse position. There is certainly an argument on the other side of this case. So, one reason... Inconsistent with yours, but the point is that what we're suggesting to you is there's a new statute, and the authority ought to have something to say about it before a court can see it. That makes sense to me, Your Honor. Then why don't you stop? I mean, we know what your argument is. Absolutely, Your Honor. You know the arguments in our briefs. I'm not going to rehearse them. Even though this hasn't been the easiest case to prepare, I must say, but we do understand your argument. It is fairly complex. I do think that the Department has a significant interest in the judicial resolution of this issue, sort of as soon as possible. I mean, we briefed to you the ongoing grievance that is still pending before the FLRA. Your Honor, I guess you'll move the people on your side along to get done what they need to do, including OPM, right? I'm sorry, Your Honor. Done what they need to do? I think OPM's under... Just say what they have about the new statute. OPM certainly has the obligation under Congress's statute to issue regulations for the Administrative Leave Act. I don't think OPM thinks that that affects the core issue of whether there is discretion for any agency to exclude any amount of time from within a legal review period. Can we say we're perplexed enough that it might make sense for this case to go back? I think that would be an appropriate disposition if you came to that determination. I would only ask that in doing so, if you also have determination as to what these regulations leave discretion for in terms of bargainability, that you say so. Because, again, I think the authority has its own view of what OPM's regulations mean, and they haven't been giving due deference to OPM's own interpretations. That's a problem that we take away this... And you did it as poorly as it could be done respectfully, and I don't think any judge ought to pay one second of attention to what you suggest is the other agency's view, given that they are not presently before us, have not asked to be before us, have not officially... That is not the way ours should... And so you really need to get that straight. That's my view, and it explains why some judges are irritated with our deference. The way you pose it here is outrageous, quite frankly. I appreciate that, Your Honor. I think that even discounting OPM's appearance on our briefs to this Court, we still have OPM's construction of its own regulations in 97 and 2002. Is there any reason you would oppose remand? No, Your Honor. All right. And on the merits, do you have anything to say other than what you said in your briefs? No, Your Honor. Okay. All right. Well, let's reserve your time in case you need to rebut. Thank you. Good morning, Your Honor. You don't have to button your coat if it's going to be short and say, we agree you should remand. I should always button my coat, Your Honor, with respect to the Court. With me, my name is Fred Jacob. I'm the solicitor of the FLRA. With me is Zach Kennedy, who's a deputy solicitor, and Hampton Stennis is a counsel table who's union counsel. To address the questions Your Honor's raised regarding the Administrative Leave Act, one factual matter is OPM has issued interim regulations on the Administrative Leave Act. It did so in July, but it has not issued final regulations. The authority's position is that the Administrative Leave Act shouldn't require remand from the court, in that the administrative leave component of the proposal was critical when it was first made at the bargaining table, because at the time DHS believed and conceded that administrative leave would be excludable as a form of AUO. That was its position at the bargaining table, that was its position through the post-petition conference, that was its petition all the way until about a month after it filed its motion for reconsideration. So the administrative leave aspect was a component of the original proposal, because that would be the means by which the parties could exclude official time. That said, under the authority's 1986 National Border Patrol Counsel case, official time, regardless of how it's coded, could be excluded from AUO. Does it say that in the opinion? In the authority's current opinion. Yeah. I mean, I think it certainly relies on the National Border Patrol Counsel case. But does it say that we're going to accept a different proposal than the one here, and that alternative proposal is the one that we find negotiable? Well, what it does say, it doesn't go that specifically, Your Honor. Obviously, it was considering the proposal in its entirety. The authority does say, though, as one of its grounds for distinguishing the guidance, that official time, that the proposal doesn't cover, or the guidance doesn't cover the subject of the proposal, which is the exclusion of official time generally. Well, I understand that. But the mechanism for excluding it was supposed to be by coding it as administrative leave. Correct. And they don't say, we don't need that, or that's not part of the issue, right? I mean, maybe this is the answer that they'll come back with on remand, that, no, actually, we're just going to call it official time. But that's not what we have in front of us. I think the authority's position is that, and this is the position we stated in our brief, is that if the proposal were negotiated, because it is just a starting place. It wouldn't be negotiable if the proposal is for administrative leave and the statute says you can't have administrative leave, either because what you're really asking for is official, or if because it's for more than 10 days, then that wouldn't be negotiable at all, right? Right. That's, yes. So that's why your footnote that says this can always be negotiated doesn't move me, because you have to first decide that it's not inconsistent with the statutory requirement. But what I would, I think, what may, I don't know if this will move you, but I think what may be helpful is that parties all the time are at the table making proposals and counterproposals. In any negotiability case, the authority could say, go negotiate this proposal. A counterproposal may come up during the course of a negotiated proposal. No, I mean, you're missing what the chief judge is saying, that it's facially non-negotiable, and that's the question that's properly before the authority. It's facially non-negotiable because of the label that's put onto it. I can see how you would try and argue around it, but the arguments that you're raising now are not what the authority said, and it may be that you'll correct that on remand to address it, but that's not what's said. I mean, you're in the label of the proposal, which is all that was before you and before us, appears to make it non-negotiable. That's the end of it. That's all we would say. Sure, and I understand the court's concerns. I think the authorities, obviously the authority would prefer the court to remand it than to decide it on its own, and that is certainly if the court believes that the Administrative Relief Act is critical to resolving this case and isn't something that can be negotiated on the back end or negotiated around where one provision might drop out or one sentence might drop out and a new sentence put in to replace it based on the agreement of the parties, then the authority would be the best place to decide that's the first instinct. But you see, that kind of decision from the authority would be something like what we're looking at is facially impermissible, but we understand that if you change the proposal in these ways, it would be acceptable, so we're sending it back. That's not what you said. That's not what your decision said to the parties. The authority's current decision. Right. Well, obviously the Administrative Relief Act was passed after the authorities' case. I understand, so that's why I'm saying to you, I'm emphasizing what we're trying to say to you. The posture of the case looks very different. Now, you think there's an easy explanation. They think there's an easy explanation. That supports their position. We're not in a position to weigh in at this point. Again, what I would say is, obviously, if the court believes that it's not right for a decision because of the Administrative Relief Act, it's best to send it back to the authority to decide in the first instance. I mean, we agree with that basic principle rather than decide it and apply the Administrative Relief Act at the court of appeals level. The authority should get the first crack on it. I think at this point the authority was, there was not consensus to reconsider the case, given that it had already been before the court when the Administrative Relief Act was passed. But the court's our job to help them reach consensus. And we appreciate it, Your Honor. I do think on the merits of the case, if the court were to reach it, the authority's opinion is very straightforward in that we have a 1986 opinion that does address this issue, and there is no subsequent OPM guidance or regulation that even touches it. So the authority was reasonable, given the case that was presented to it in 2015 and 16, to conclude that there was no current prohibition or conflict with existing regulation or law. All right, I'll just ask you the same question I maybe undiplomatically asked the other side. You don't have anything more to say than you said in your briefs with respect to the merits, do you? Nothing except that I think the timeline of the various documents in this case is dispositive on the merits, and that the authority decided this case in its National Border Patrol Council case in 1986, and for 31 years OPM has been silent until it decided to represent DHS in this case. And I think that makes it very plain why the authority reached the decision it did. Mr. Boosie, you see he did the same thing you did. I have nothing more to say, but I wanted to say why. We want to get it in, right? Okay. Thank you. We know you each want to win. We got that part. I'm sorry? We know you would each like to win 100%. All right. I let you have more time if you want. Do you have anything more to say? Your Honor, all I would add is that if you are remanding the case, we ask that you vacate the authority's judgment before you do so. We don't think you could remand while leaving in place the opinion before you. And why is that? Only because we don't think that there might be a Chenery problem, I guess, is what I'm trying to get at. Often when there is a Chenery problem, we send it back if we think the agency might have another explanation. Under our allied signal rule, we don't vacate. We usually only vacate if we think there's no way they can reach the same result. And neither side seems to know whether there's a way here. So I'm not sure that vacateur is really compelled. I understand, Your Honor. I believe that OPM's view would be that they couldn't reach, well, they would have to reach OPM's interpretation of OPM's regulations. That's the only reason why I raise it, but I don't think that's true. Are you concerned unless we vacate, this would somehow find its way to an impasse panel and you could lose? No, Your Honor, I think the concern is that the FLRA's opinion here has been cited by arbitrators in other cases, such as the grievance we cited in our blue brief. And so without vacating that determination, we think arbitrators could continue to If the court were to issue a decision that said, this matter is on hold now insofar as the ultimate decision, those arbitrators could be informed, right? I think that's appropriate, Your Honor, yes. Okay, further questions? Thank you. Thank you very much. We'll take the matter under submission. Thank you.
judges: Garland, Tatel, Edwards